## C. J. CAMPBELL *v.* ILLINOIS CENTRAL RAILROAD COMPANY.

1. JURISDICTION, WANT OF. *Dismissal.* The Supreme Court will not dismiss for want of jurisdiction of the subject-matter, unless exception has been taken below.

2. OBJECTION TAKEN AFTER JUDGMENT. Where it is evident that an objection, taken after verdict and judgment, could have been cured if made before verdict and judgment, the Supreme Court will not reverse.

### FROM MADISON.

Appeal from the Chancery Court at Jackson. T. C. MUSE, Ch.

J. W. WILLIAMS for complainant.

McCORRY & BOND for defendant.

DEADERICK, C. J., delivered the opinion of the court.

Plaintiff obtained, on May 6, 1885, a judgment against the defendant before a justice of the peace of Madison county, for the value of a mule killed or

its road. After the entry of the judgment, the following entry was made by the Justice:

Defendant in this case prays an appeal, which is allowed, bond and security being given. May 6, 1885. J. T. RUSHING, J. P.

A bond was executed on May 6, 1885, with sureties, in the usual form, except that it did not specify the court to which the appeal was taken. At October term, 1885, of the law side of the common law and chancery court of the county of Madison, upon the verdict of a jury, a judgment was rendered in favor of defendant, and plaintiff entered motions for a new trial and in arrest of judgment, which were overruled, and he has appealed in error to this court.

No bill of exceptions was taken, and hence, upon the facts, it is presumed the verdict is in accordance with the evidence, and right upon the merits. The entry of the verdict and judgment recites that " the parties appear by their attorneys," etc. But it is insisted by plaintiff that the court which tried the cause had no jurisdiction, and its judgment is void, because neither the bond nor the order of the justice allowing the appeal recites the term nor the court to which the appeal was taken. Although the recital of the omitted facts, in the prayer for the appeal, would have been more regular and formal, yet the appeal itself is restricted by law to the court which tried the cause, and no objection was taken or motion to dismiss was made by plaintiff until after verdict and judgment. Both defects complained of were amendable, and doubtless would have been amended by defendant if plaintiff had made objec-

tion, but he appeared to contest the matter of controversy before the jury, both parties recognizing the fact that the appeal granted and bond executed gave the court jurisdiction.

The law court had ample power to supply · any defects in the proceedings before the justice: Code, section 3586. And this court will not dismiss for want of jurisdiction of the subject-matter, unless exception was taken below: New Code, section 3585.

When it is manifest that the objection now taken, if taken before verdict and judgment, could have been cured, this court will not reverse, especially in a case where there is no bill of exceptions or complaint of the decision upon its merits, and when both parties recognized the appeal as taking the case to the court deciding it.

Let the judgment be affirmed.

### PETITION TO REHEAR.

Upon petition to rehear, DEADERICK, C. J., delivered the following opinion:

A petition to rehear has been presented by plaintiff. It appears from the record that plaintiff obtained a judgment for $165, against defendant, before a justice of the peace of Madison county, and defendant appealed. The appeal bond, which is otherwise formal and sufficient, does not recite to what term, or to what court the appeal was taken. Nor does the prayer for, and grant of the appeal, contain such recitals.

Campbell v. Railroad Company.

The record further shows, that the papers in the cause were transmitted to the law side of the court of common law and chancery at Jackson, the only court having jurisdiction of an appeal from said justice's judgments. It also appears that the plaintiff entered his appearance and had a trial, by jury, of his cause, and that verdict and judgment were rendered for the defendant. Thereupon plaintiff entered motions, for a new trial and in arrest of judgment, upon the ground that neither the appeal bond, nor the prayer for and grant of the appeal from the justice's judgment, showed that the appeal was taken "to the next term of the court," etc., having jurisdiction of the cause. The motions were overruled and plaintiff appealed.

The Code says, in a civil suit any person dissatisfied with the judgment of a justice of the peace may, within two days, appeal to the next circuit court: New Code, section 3856.

It is argued that this section was not complied with, and the court had no jurisdiction to try the cause, and none to allow the amendment to the prayer for and grant of appeal and bond showing the term and court to which the appeal was taken. In the case cited by plaintiff, 2 Heis., 630, it is shown there was no recital that an appeal was prayed and granted, and no bond was filed until five or six days after judgment, and plaintiff moved to dismiss the appeal. But the bond was dated within the two days allowed by law. Leave was asked to allow the justice to amend so as to show that an appeal

was prayed and granted within the proper time.    This was refused by the court, and the appeal was dismissed.  This was held to be error by this court, the court saying the justice should have been allowed to amend, so as to show the fact.

The course of legislation since the decision of most of the cases cited by plaintiff, has been to favor and sustain proceedings of justices and cure their omissions and irregularities, especially when not excepted to and not going to the merits of controversies.  It has been enacted that no appeal shall be dismissed in the appellate court originating before a justice for any informality whatever, but the cause shall be tried upon its merits:    New Code, section 4952.    And an appeal bond is *prima facie* evidence that an appeal was taken:  New Code, section 4953. And this court may not dismiss a case for want of jurisdiction of the subject-matter, unless the objection was taken in the court below: New code, section 3585.

If a cause of which a superior court has original jurisdiction be removed into such court, from an inferior court, irregularly, as by consent of parties, when there is no law for that mode of removing it, but defendant appears and pleads, that is a waiver, and the court may proceed to judgment:  1 Meigs' Dig., section 197, citing cases.  In this case the law court had original as well as appellate jurisdiction, and both parties appeared and the cause was tried, without objection to the informality or insufficiency of the prayer for the appeal.  If objection had been

taken by plaintiff, the amendment would have been, and should have been, allowed: 2 Heis., 630. And if the objection be of a character which does not affect the merits, and could have been amended, as we can see it could and ought to have been, as the law court has exclusive jurisdiction of the appeal, it is too late to make the objection for the first time after a trial and judgment on the merits. No contest is made upon the merits, no bill of exceptions is filed, and the irregularities disclosed in the record do not affect the merits upon which the contest below turned. We see no sufficient reason for changing the opinion heretofore delivered, in which the same objections now made were considered and passed upon.

The petition to rehear will be dismissed.