For convenience the parties will be referred to as in the court below, Louisville Nashville Railroad Company, plaintiff, and Frazier Crews, defendant.
The plaintiff sued the defendant, a firm in a Justice of the Peace court in Henry County, to recover the sum of $262.07, alleged undercharges due on ten shipments of hogs, shipped by Frazier Crews from Paris, Tennessee, to East St. Louis, Illinois, during the months of February and March, 1927. The suit was dismissed by the Justice of the Peace at the cost of plaintiff, and plaintiff appealed to the Circuit Court, resulting in a directed verdict and judgment in favor of plaintiff for the sum of $262.07. A motion for a new trial by the defendants was overruled, likewise a motion in arrest of judgment by the defendants was overruled.
The appeal to this court in the nature of a writ of error is from the action of the court in overruling the motion for a new trial and in overruling the motion in arrest of judgment and rendering judgment in favor of plaintiff.
The assignments of error are as follows:
"I. The court erred in directing a verdict in favor of plaintiff.
"II. The court erred in holding that the defendants understood at the time said livestock contracts were executed that said shipments would be sent over the Evansville route.
"III. There is no material evidence that shows that the plaintiff was entitled to prevail in this case.
"IV. It is not shown by a preponderance of the evidence that the plaintiff is entitled to prevail in this case."
In the brief filed by appellant the question is made that because of the form of the judgment as appears on the Magistrate's warrant, which was in the following language: "Case is dismissed by plaintiff's attorney and plaintiff taxed with all costs for which execution may issue," that the case then and there terminated and the Magistrate did not have any further jurisdiction of the parties, and could not, therefore, grant an appeal to the Circuit Court. It is further contended that the jurisdiction of the Justice of the Peace having terminated, the Circuit Court could not acquire jurisdiction by appeal, and that the Circuit Court was without jurisdiction, and the judgment of the Circuit Court therefore void.
We have quoted above the assignments of error, and there is no assignment based upon the action of the trial judge in overruling the motion for an arrest of judgment. However, appellant has cited authorities to support its contention with reference to the lack of jurisdiction after the order of dismissal by the Justice of the Peace.
This case was twice continued in the Circuit Court, and it does not appear that any question was made by the defendants as to the *Page 389 
form of the judgment or as to the jurisdiction of the court. Immediately following the judgment on the Justice of the Peace warrant is the granting of the appeal to plaintiff, and the acceptance of the appeal bond. The Justice of the Peace had jurisdiction of the case at its inception and of the parties. The amount was within the jurisdiction of the Justice of the Peace, as was also the cause of action. The Circuit Court had concurrent jurisdiction with the Justice of the Peace. The defendants appeared in the Circuit Court and proceeded to the trial of the case on the issues without entering any objections to the jurisdiction of the Circuit Court.
In Campbell v. Railroad Co., 84 Tenn. 270, under the first and second headnotes, it is stated:
 "1. Jurisdiction, Want of. Dismissal. The Supreme Court will not dismiss for want of jurisdiction of the subject-matter, unless exception has been taken below.
 "2. Objection taken after Judgment. Where it is evident that an objection, taken after verdict and judgment, could have been cured if made before verdict and judgment, the Supreme Court will not reverse."
The rule is stated in 35 C.J., Sec. 478, as follows:
 "A general appearance in the appellate court confers jurisdiction over the person, and waives want of it, or defects in, the process, or in its service or return, in the Justice's court, and irregularities before the Justice, but does not confer on the appellate court jurisdiction of the subject matter, except in those cases where, although the Justice had no jurisdiction, the appellate court has original or concurrent jurisdiction, and the case is triable de novo."
We do not think that the question can be raised for the first time after the return of the verdict and the rendition of the judgment, in any case where an amendment could have cured the defect (Campbell v. Railroad, supra; 16 Pick., 25).
As above stated, there is no assignment of error presenting this question, but if the question was properly presented by proper assignment of error, we are of the opinion that it must be overruled for the reasons stated.
As to the merits of the case, it is disclosed by the record that the defendants shipped ten car loads of hogs from Paris to East St. Louis, during the months of February and March, 1927. No specific shipping instructions were given to the railroad company by the shipper, and no specific routing was directed by the shipper. The agent of the railroad company at Paris was introduced as a witness by the defendants, and he testified that these shipments were made from Paris by way of Evansville to East St. Louis, and *Page 390 
that this was the usual and customary route, and the only feasible route. There is no denial but that the amount of undercharge in rate is correctly stated by the railroad company if the Evansville route and the rate applicable thereto should be charged. The whole contention of the defendants is based upon the claim that there is a route by the way of Louisville, Kentucky, that carries a 34c per hundred pound rate on hogs, and that this being the cheaper rate the shipments should have been routed by Louisville. The defendants offered as a witness Mr. Dunlap, who testified that he had investigated certain tariffs and that there was a route by Louisville which carried the 34c rate. However, the witness Howard, the agent of plaintiff and the witness for the defendants, testified that it was not a practical route because of the much greater distance, and that the Louisville route was never used for that reason. He also testified that the shipper understood that the shipments would be made by the shorter route to avoid unloading for feeding and watering. If there are two routes equally practicable, in the absence of any instructions by the shipper, we think the railroad company would be required to route the shipment by the route carrying the cheaper rate. On the other hand, we think if there is but one usual and practical route, the railroad company should use that route, even though there is another route carrying a cheaper rate but an impracticable route for livestock.
In Post v. Railroad, 103 Tenn. 215, it is said:
 "When no special instructions are given and assented to as to routes, the initial carrier may select the route or use that commonly employed by it to the point of destination named. The absence of special instructions given and acceded to amounts to an assent that the carrier's usual course of business may be followed, and it may designate the route as its convenience may suggest."
However, it is insisted by appellant that the question as to whether the Louisville route carried a cheaper rate, and was a feasible and practicable route, was one for the jury under the evidence. This contention is based largely upon the evidence of Mr. Dunlap. We do not think this contention can be sustained. Mr. Dunlap did not testify that the route by Louisville was a practical route for the shipping of livestock. He merely testified with reference to his understanding of the freight tariffs submitted to him for examination, and he figured from the tariffs so submitted that there was a route by way of Louisville that carried the 34c per hundred pound rate. The uncontradicted evidence is that the distance from Paris to East St. Louis by the way of Evansville is 349 miles, and by Louisville over 500 miles, approximately 200 *Page 391 
miles further. Mr. Howard, a witness for the defendants, and the agent of the plaintiff at Paris, on this subject testified as follows:
"Q. Mr. Howard, what is it you said on direct examination with reference to the Louisville route, as to whether or not the railroad company considered that a route? Or what did you say? A. That they did not consider it a route from here to East St. Louis, Illinois, on business offered the Louisville Nashville Railroad Co.
"Q. Why didn't they? A. It is considered the further and we have no rate applicable.
"Q. Have you on file in your office any tariff recognized by the railroad company showing the proper rate from Paris to East St. Louis, Illinois, over the L. N. by way of Louisville, Kentucky? A. You mean on stock?
"Q. Yes, sir. A. No, sir.
"Q. What is the shortest route from Paris to East St. Louis? A. By way of Evansville.
"Q. And that is the way these shipments were routed? A. Yes, sir.
"Q. How much further would it be by Louisville? A. I would judge 200 miles.
"Q. Why hasn't there been a rate fixed on livestock from Paris by way of Louisville to East St. Louis? A. Because the shortest route is by Metropolis and Evansville and that is why no other has been fixed.
THE COURT: What is the distance going by Evansville to East St. Louis? A. 349 miles.
THE COURT: And to go the other way it would have been over 500 miles? A. Yes, sir.
"Q. How much more? A. Approximately 200 miles, and of course that would necessitate having to feed and water them more.
"Q. Be worth more to have them that way, wouldn't it? A. Yes, sir."
We do not think there is any material conflict in the evidence, and that the evidence of Mr. Dunlap is not material under the uncontradicted facts as shown by the evidence to the effect that the shipments in question were routed in the usual and customary way, in routing same by Evansville. There is no conflict in the evidence on this question, and Mr. Dunlap's evidence to the effect that there was another route which carried a lower rate, but which is shown to be an impracticable route, becomes immaterial.
We find no error in the action of the court and all assignments of error are overruled, and the judgment of the lower court is affirmed. Appellants and sureties on the appeal bond will pay the *Page 392 
cost of this appeal. Judgment will be rendered here for the amount of the judgment below with interest since the date of its rendition, including the cost of this appeal, in favor of plaintiff below and against the defendants below and sureties on the appeal bond.
Heiskell, J., and Steele, Sp. J., concur.