## Brune Mattfeld v. C. P. Huntington.

### Delivered November 5, 1897.

**1. Registration of Deeds—Proper County—Destruction of Record—Notice.**

The record of a deed to land was notice of the grantor's title, although only part of the land was situated in the county in which the deed was recorded, and although the records had been destroyed by fire and there was no actual record in existence, prior to the act requiring such deeds to be again recorded.

**2. Adverse Possession—Notice—Landlord and Tenant—Part of Tract.**

The possession of a part of a larger tract of land by a tenant is notice of the title of the owner to the larger tract.

**3. Same—Landlord and Tenant—Repudiation.**

The continued possession of land for twenty years after the death of a tenant, for the benefit of his children, and afterwards by one of his daughters, continues the relation of landlord and tenant between those in possession and a purchaser of the land from the landlord, so as to prevent those in possession from holding adversely, unless the landlord's title has been openly repudiated.

**4. Practice on Appeal—Bill of Exceptions—Paper Not Copied.**

A paper copied in the record, which purports to be a will and the probate thereof, can not be considered on appeal in connection with a bill of exceptions, where it is not made a part of the bill of exceptions or statement of facts.

**5. Evidence—Will and Probate Not Recorded—Admissibility.**

The court erred in refusing to permit a party who has introduced in evidence a copy of a will and the probate thereof, without any objection, to cure the defect after the close of the evidence, on objection that the probate did not appear to have been recorded.

Appeal from Angelina. Tried below before Hon. James T. Polly.

*John C. Walker*, for appellant.—1. The will of Fatman completed the

chain of title in Mattfield. It had been admitted without objection, and was excluded after the evidence was closed, merely for want of record of the probate. Before the trial ended it was again offered, properly recorded, and admissible as evidence, and was rejected on the ground that it came too late. It is maintained that this was an abuse of judicial discretion, which did injustice to appellant. Griffith v. Eliot, 60 Texas, 335; Cotton v. Jones, 37 Texas, 34; Railway v. Lamothe, 76 Texas, 223.

2. The possession of Alonzo Smith until 1874, and after his Sumerall and Hiram Mott, holding for Smith's children, and Smith's oldest daughter, all holding continuous possession, cultivating the land as successors of Smith until shortly before 1894, the time of the trial, completed the bar of ten years in Cundiff and those holding under him, the tenancy of Smith never having been repudiated. Fowler v. Simpson, 79 Texas, 617; Medlen v. Wilkens 60 Texas, 418; Carter v. Lagrange, 60 Texas, 636; Tiedeman on Real Property, 147; Cochrane v. Faris, 18 Texas, 850; Smith v. Miller, 63 Texas, 75; Satterwhite v. Rosser, 61 Texas, 167.

*T. W. Ford* and *Jones & Wheless,* for appellee.—1. The action of the court in entertaining and sustaining the defendant's motion to exclude the will and the unrecorded certified copy of the probate of the will of Louis Fatman, deceased, at the time it did, was a matter within its discretion. Railway v. Lamothe, 76 Texas, 220.

2. The court did not err in finding against plaintiff's claim of title by limitation. The written contracts of lease between W. H. Cundiff, as claimant of the land, and Smith and Best, respectively, were for a term of four years from the 9th day of December, 1858, at the expiration of which period the said Cundiff was to execute to Smith and Best, respectively, a deed for such specified portions of the land as they were occupying, and the terms of the contracts, when read in the light of the attendant circumstances, show that while Smith and Best were to hold during the period of their respective leases the lands as tenants of Cundiff, yet when that period elapsed they were no longer to be considered as holding for Cundiff. The subsequent parting by Cundiff with his title to others in violation of his contract immediately severed all relations between him and Smith and Best.

GARRETT, CHIEF JUSTICE.—This was an action of trespass to try title to recover 2252 acres of land, part of the L. S. Walters league in Angelina and Jasper Counties. Plaintiff, the appellant in this case, claimed title both of conveyance from the original grantee, and under the statute of limitations of three, five, and ten years. The defendant answered by plea of not guilty, and pleaded possession and title to the land claimed by plaintiff, and prayed to be quieted in his title and for cancellation of the deeds under which plaintiff claimed. There was a trial without a jury, and judgment was rendered in favor of the defendant, and also on his plea in reconvention against plaintiff, Brune Mattfeld, for the title and possession of the land claimed in the suit.

The league was granted to L. S. Walters on March 10, 1835, and a translated copy of the original grant was filed for record in Angelina County on January 1, 1873. On September 10, 1836, L. S. Walters conveyed the entire league to Isham Palmer by his deed which showed, by the file marks upon it, that it had been filed for record in Jasper County on August 15, 1843, and was recorded in book G, page 41. It also showed that it had been filed for record again in Jasper County on September 24, 1859, and recorded in book F, pages 202 and 203. It was also filed for record and recorded in Angelina County March 8, 1860. In October or November, 1849, the courthouse of Jasper County and all the county records were destroyed by fire. Pending the time that there was no actual record of the deed from Walters to Palmer, the former executed a deed of conveyance for said league to W. H. Cundiff, dated May 16, 1855, which was filed for record in Angelina County, May 17, 1855. Cundiff obtained also a conveyance from Isham Palmer, dated December 28, 1859, for the north two-thirds of the league, and thereby acquired a perfect title to the same, but this deed was not recorded until March 27, 1893. In the meantime, in December, 1858, Cundiff went upon the land with a surveyor and caused the league lines to be run out. He found two persons settled upon it with the intention to pre-empt, under the belief that it was vacant public domain. Their names were Alonzo Smith and Minor Best. He executed contracts with them by which he leased to Smith 200 acres thereof for the term of three years from January 1, 1859, and agreed to sell him the land at the end of that time at a stipulated price. He made a similar contract with Best by which he leased him 120 acres, with an agreement to sell. The Smith tract was surveyed and the lines thereof defined by the county surveyor, Gibson, who had run out the lines of the league for Cundiff. The evidence in the record fails to show how long Best held under his lease, but it is shown that Smith held the land occupied by him until 1874, when he died. It was afterwards held for the benefit of his children for a number of years and finally by a married daughter, who was still in possession of it in 1894, about the time this suit was filed. It was shown by the defendant that after the expiration of the term of his lease, Smith made declarations to the witness Jordan, claiming the land as his own, and that after his death it was claimed by his heirs, but there was no evidence that Cundiff had notice of any such claim.

Appellant's title was derived from Cundiff, who in 1868 executed a deed of trust to W. P. Ballinger and A. Drouilhet in favor of a creditor. This trust deed was filed for record in Angelina County, August 4, 1868. Ballinger sold the land under the deed of trust, and it was bought by and conveyed to Gustave Ranger. The latter conveyed it to Louis Fatman. He died and left a will which was probated in the surrogate's court in the county and State of New York. Appellant offered in evidence a certified copy of this will and its probate which was, at first, admitted by the court, but afterwards excluded on the motion of the appellee on account of the defective registry thereof in the records of Angelina County. To

the action of the court in excluding this evidence the appellant objected, and has presented it as a ground for the reversal of the judgment below. The appellant then put in evidence a deed from Solomon Fatman and Simon Fatman, executors of the last will of Louis Fatman, to himself for the land in controversy. This was appellant's title. The lease above referred to between W. H. Cundiff and Alonzo Smith was in writing, but having been lost, its contents were shown by oral testimony.

Appellee's title was deraigned as follows: He put in evidence the deed from Walters to Palmer; a copy of the will and probate thereof of Isham Palmer, bequeathing his estate entirely to his wife, Laura E. Palmer. The date of the will was August 14, 1871. A deed from Laura E. Palmer to Mason D. Cole for the Walters entire league; deed from Mason D. Cole to P. S. Pfouts, dated August 8, 1881, for 2952 acres of the north part of said Walters league; a power of attorney from P. S. Pfouts to W. A. Stewart to sell the north two-thirds, 2952 acres; a deed from P. S. Pfouts, by his attorney, W. A. Stewart, to J. W. Davis, dated September 15, 1881, filed for record April 1, 1882, for the 2952 acres; a deed from M. D. Cole to J. W. Davis, dated October 25, 1881, filed for record April 1, 1882, conveying the remaining one-third of the league; a deed from J. W. Davis to P. B. Watson, dated January 7, 1882, for the entire Walters league; a deed from Watson to the appellee. It was shown that J. W. Davis paid a valuable consideration, to wit, $1 per acre, for the land, and had no actual notice of the deed of Isham Palmer to W. H. Cundiff.

Appellant claims that he acquired the land as an innocent purchaser. Appellee contends that the occupation of the land by Smith, and after his death, by his family as the tenants of Cundiff, and those of his subvendees, was notice of the conveyance from Isham Palmer to W. H. Cundiff.

The record of the deed of Walters, the original grantee, to Isham Palmer in Jasper County, for the league, was notice of Palmer's title, although only a part of the land was situated in Jasper County, and although the records had been destroyed by fire and there was no actual record in existence at the time of his purchase from Palmer. Pasch. Dig., art. 4980; Fitch v. Boyer, 51 Texas, 336. The deed had been registered some years before the passage of the act of the Legislature requiring another record of a deed thus destroyed, and had been again recorded before the passage of that act. Barcus v. Brigham, 84 Texas, 538.

Soon after the beginning of the tenancy of Smith, Cundiff procured a deed from Palmer which cured the defect in his title to the land in controversy, but having neglected to record it, there was no record to give constructive notice of it, and when he bought, Davis had no actual notice thereof. It is sought, however, to bring notice to Davis of this deed by Cundiff's possession of the land through his lease to Smith as above stated. Hawley v. Bullock, 29 Texas, 216. Smith had possession only of 200 acres of the land which was defined by metes and bounds. The question then is, whether or not possession of a part of a larger tract of land by a tenant, is notice of title of the owner to the larger tract.

This seems to have been definitely settled in the case of Watkins v. Edwards, 23 Texas, 443. In that case, the tenants held only small tracts as lessees of the owners of a much larger tract, and although the question was not discussed in the opinion, it was directly involved in the decision of the case.

It remains then to inquire whether or not the continued possession of the land in behalf of the children of Smith and afterwards by his daughter, would continue the relation of landlord and tenant between Cundiff's vendees and them. The relation of landlord and tenant attaches to all who may succeed the tenant immediately or remotely. Flanagan v. Pearson, 61 Texas, 302; Oury v. Sanders, 77 Texas, 278.

This seems to be carrying the doctrine rather far, since more than twenty years had elapsed from the date of the lease until the purchase by Davis, and the parties in possession when Davis purchased were claiming the land as their own, though no repudiation of the Cundiff title had been made by them that Cundiff ever heard of, or was shown to have been known to Davis, yet it is the logical deduction from the authorities. It is conclusively settled by the decisions of this State that a holding over by a tenant continues the tenancy, and that the tenant can not hold adversely to the title of the landlord without open repudiation thereof, nor can he dispute his title nor claim under any other without surrendering the premises. Juneman v. Franklin, 64 Texas, 411.

It is true Cundiff's deed from Palmer was not executed until after the tenancy commenced, but it can make no difference that the tenancy did not commence with the title. Wade on Notice, secs. 302, 304. From the foregoing the conclusion is, that Davis had notice of this deed, and was, therefore, not an innocent purchaser.

In order to complete the appellant's chain of title it was necessary to introduce the will of Louis Fatman. The bill of exception taken at the trial to action of the court in refusing to consider the will as evidence does not furnish this court a copy thereof, so that it could be seen whether or not it authorized the conveyance and that any injury was done to appellant by refusing to consider it. There is a paper copied in the record which purports to be the will and the probate thereof, but we can not consider it because it is not made a part of the bill of exception, nor of the statement of facts. However, no objection was made to the will on account of its insufficiency to authorize the conveyance of the land by the executors, and the court refused to consider it only upon the ground that it had not been duly registered with the probate thereof, and, no doubt, considered it sufficient in terms to authorize the conveyance.

It was error to sustain the objection of the appellee and refuse to admit the will in evidence. The facts attending the exclusion of the copy of the will were, that when it was first offered by the appellant it was admitted with the statement on the part of the counsel for appellee that he would interpose an objection later on, perhaps to exclude, and when all the evidence on both sides had been concluded, the appellee then moved to

strike out the certified copy of the will and the probate thereof,· for the reason that the copy of the will only appeared to have been recorded in the records of Angelina County, and that the copy of the probate did not appear to have been recorded. The court sustained the motion, and struck it out. Appellant then moved for a continuance on the ground of a surprise, which the court refused. It was then Saturday evening, and the court adjourned until the next Monday, and when the case was resumed on Monday, the plaintiff, who had in the meantime had the copy of the will and the probate thereof duly recorded, again offered it in evidence, but on objection being made, the court again refused to admit it. The defendant's counsel had concluded his argument, but the trial had not ended, and no injury could have been done by receiving the evidence. The appellee failed to state his objection when the copy was first offered. If he had done so the objection could have been cured with a little delay. A trial judge is invested with much discretion in forcing the rules to be observed in the order of the trial of a case; but the appellant has made it to appear in this case that this discretion was abused to his injury, and such abuse was positive error. For the reason given, the judgment of the court below must be reversed and the cause remanded for another trial.

Appellant also complains of the admission in evidence of the judgment rendered by the District Court of Angelina County, December 2, 1880, in the case of Laura E. Palmer v. H. P. Spier, W. H. Cundiff, and others, for the recovery of the Walters league of land. In this there was no error, because the appellant had put in evidence the conveyance from Spier to William A. Anglin and Mary Anglin for 640 acres of the land, and it was also immaterial, and the court could only have disregarded it. The possession of the land in controversy only extended to the 200 acres, so far as the record shows, and even if the plaintiff could have availed himself of that, no description of the tract is given.

*Reversed and remanded.*