BELL *et al. v.* SMITH.

SMITH *v.* BELL *et al.*

(*Nashville,* December Term, 1946.)

Opinion filed May 31, 1947.

12

James W. Stokes, of Nashville, for Bell.

Z. Alexander Looby, of Nashville, for Smith.

Mr. Justice Gailor delivered the opinion of the Court.

Two cases are presented on this appeal and for clarity we refer to them as they were styled in the Courts

below. The case of *Smith* v. *Bell* rises out of steps taken by the plaintiff in the case of *Bell* v. *Smith*. In the General Sessions Court of Davidson County in the latter case, on August 8, 1946, judgment was rendered against Smith for the possession of certain premises in Nashville which he had theretofore rented from Jessie Bell. On August 9 he obtained a fiat on petition for *certiorari*, without *supersedeas*, for said cause to the Circuit Court and filed the petition for *certiorari* on the following day. The respondent filed motion to dismiss on the ground that *certiorari* had been filed within the time allowed for appeal and that in form, the pleading was not the "*certiorari* and *supersedeas*" prescribed in Code, sec. 9266.

On the 19th and 20th of August, 1946, after the petition for *certiorari* was filed, plaintiff, complying with section 9265 of the Code, gave bond, sued out a writ of possession and had defendant evicted from the premises involved.

From the judgment of the Circuit Court dismissing petition for *certiorari* defendant Smith, after his motion for new trial was overruled took the oath for poor persons and filed the record for review in this Court on the authority of the following part of the order overruling motion for new trial:

"It Is, Therefore, Ordered, Adjudged That defendant's motion be, and the same is hereby overruled and the defendant is allowed thirty (30) days within which to perfect his appeal to the Supreme Court of Tennessee." We consider the assignments of error hereinafter.

On August 21, 1946, after the writ of possession had issued and been served as stated, Smith sued Jessie Bell, J. W. Frierson, Jessie Bell's real estate agent, and Hugh Freeman, Clerk of the Court, for the wrongful and unlawful suing out, issuance and service of the writ of

possession, it being Smith's contention that despite the fact that no *supersedeas* had been prayed or granted the *certiorari* was, by a proper construction of Sec. 6, Chapter 12 of the Private Acts of 1937, the Davidson County General Sessions Court Law, effective to remove the case entirely from the General Sessions Court, and that, therefore, the issuance of the writ of possession and eviction of Smith after the filing of the petition for *certiorari,* were unlawful. Damages were fixed in the declaration at $5,000.

■ Demurrers to the declaration were filed by all the defendants and sustained by the Trial Court. After motion for new trial was overruled Smith has perfected his appeal to this Court. Motions to dismiss the appeals have been filed in both cases on the allegation that the appeals were neither prayed nor authorized, but the record contradicts the allegation. The appeals were perfected as authorized by the Judge of the Circuit Court at page 16 of the transcript of *Bell* v. *Smith,* and at page 13 of the transcript of *Smith* v. *Bell.* The motions to dismiss the appeals are, therefore, overruled.

The plaintiff in error, Smith, admits that no *supersedeas* of the judgment in the General Sessions Court was granted but he insists that he filed petition for *certiorari* under section 6 of Chapter 12 of the Private Acts of 1937, and that under a proper construction of that section no *supersedeas* was necessary to remove the cause entirely from the General Sessions Court and thereby to terminate entirely the jurisdiction of that Court over the subject matter of the litigation. Section 6 of the Private Acts of 1937 is as follows: "Be it further enacted, That the rules of pleading and practice, form of writs and process, stay of and appeals from judgments in civil cases of said Court shall be same as of Justices

of the Peace, except no appeal shall be granted from a judgment dismissing a suit or judgment which does not exceed the amount of $50.00, exclusive of interest and cost; however, a new trial of said excepted cases may be had and with as full rights as if on appeal to the Circuit Court, provided a petition for a writ of *certiorari* showing merit and sworn to has been filed with the Circuit Court within ten days from the date of the judgment complained of, and the writ has been granted. No execution shall issue during said period of ten days unless said writ has been previously denied.''

█ In the case before us the judgment was for plaintiff, Jessie Bell, for possession of the premises in litigation. Clearly this was neither a judgment of dismissal nor a judgment for money in an amount less than $50. We conclude, therefore, that the provision for *certiorari* in section 6 is no authority for the pleading as it was filed here. There is no insistence that any other section or provision of the Act of 1937 authorizes the *certiorari,* so that there is no doubt that the general Code provision for review of cases of forcible entry and unlawful detainer apply. These are sections 9263, 9266.

█ It has long been recognized as the law in this State that an appeal by defendant from an adverse judgment under Code, sec. 9263 does not forestall the writ of possession. The writs of *certiorari* and *supersedeas* under Code, sec. 9266 are the only means of reaching that result. ''Our statutes (secs. 9263-9268 of the Code) provide two alternative remedies for having a justice's judgment in an action of forcible entry and detainer, forcible detainer, or unlawful detainer retried in the circuit court. One remedy is by appeal, and the other is by *certiorari* and *supersedeas.* If Robertson had pursued the remedy of appeal, he could not have kept pos-

session of the premises during the litigation; but the insurance company, upon giving a bond in double the value of one year's rent, as required by sec. 9265 of the Code, could have got possession immediately. But by pursuing the remedy of *certiorari* and *supersedeas*, and giving the bond to cover costs, damages and the value of the rent during the litigation, as required by sec. 9266, he was enabled to keep possession until the end of the litigation in the circuit court. *Ammons* v. *Coker*, 124 Tenn. 676, 139 S. W. 732." *Robertson* v. *Penn. Mut. Life Ins. Co.*, 22 Tenn. App. 387, 391, 123 S. W, (2d) 848, 850.

There is, we think, no conflict between section 6 of the Private Acts and the foregoing provisions of the general law. Irreconcilable conflict was necessary to support a construction of repeal of the general law by implication. *County Board of Highway Com'rs* v. *Wilde*, 179 Tenn. 141, 145, 163 S. W. (2d) 329, and cases cited there.

The case of *Ammons* v. *Coker*, 124 Tenn. 676, 139 S. W. 732, presented a question of practice identical with that before us. The unsuccessful defendant in an action in forcible entry and unlawful detainer undertook to have a review by filing petition for *certiorari* within the two days allowed for an appeal. In dismissing the *certiorari* the late Chief Justice GREEN said for the Court: "It is well settled by numerous decisions in this state that when the writ of *certiorari* is sought to be used as a substitute for an appeal, the party applying must show in his petition some good and sufficient reason for not taking an appeal, and when such good and sufficient reason is not shown, it is proper to dismiss the writ. Caruther's History of a Lawsuit (Martin's ed.), sec. 375; *Hardin* v. *Williams*, 5 Heisk. 385; *McCor-*

*mack* v. *Murfree*, 2 Sneed 46; *Hale* v. *Landrum*, 2 Humph. 32; *Copeland* v. *Cox*, 5 Heisk. 171; *McMurry* v. *Milan*, 2 Swan 176, and numerous other cases." *Ammons* v. *Coker*, 124 Tenn. 676, 682, 139 S. W. 732, 733.

■ Under this authority the Trial Judge correctly dismissed the *certiorari* on motion of plaintiff in the case of *Bell* v. *Smith*, and the assignment on that action is overruled.

■ Further, since no *supersedeas* was obtained under Code, sec. 9266, and since plaintiff complied with all requirements of Code sec. 9265 before obtaining the writ of possession and having defendant evicted we think the General Sessions Court had jurisdiction to issue the writ (*Robertson* v. *Penn. Mut. Life Ins. Co.*, *supra*), and the Trial Judge correctly sustained the demurrers in *Smith* v. *Bell*.

All assignments of error are overruled and the judgments in both cases are affirmed.

All concur.