**UNITED STATES of America**
v.
**Milton WEISS.**
**Crim. A. No. 15296.**

United States District Court
W. D. Pennsylvania.
Nov. 20, 1958.

Hubert I. Teitlebaum, U. S. Atty., John Gavin, Asst. U. S. Atty., for plaintiff.

Louis Glasso and David Harrison, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

The defendant was indicted for violation of Title 18 United States Code, Sec. 152, and specifically the fifth paragraph of that section which provides:

"Whoever knowingly and fraudulently gives, offers, receives or attempts to obtain any money or property, remuneration, compensation, reward, advantage, or promise thereof, for acting or forbearing to act in any bankruptcy proceeding * * * Shall be fined * * * or imprisoned * * * or both."

This indictment was in two counts and charged in essence that the defendant did knowingly and fraudulently attempt to obtain money for forbearing to act in a bankruptcy proceeding in that there was a sale of certain assets being held and that the defendant attempted to obtain from another $500 by promising that he would forbear to act in the pending bankruptcy proceeding, and that he would refrain from bidding at the sale of the assets, although he was prepared to bid, and expected to bid at the sale, and intended by this offer to be persuaded to desist, and thereby to permit the other to secure the property at a lower bid then would be the case if the defendant bid, and that he, the defendant, would attempt to outbid the other party if the money were not paid to him.

The second count charged substantially the same as the first count except at another time the defendant did the same things as charged in Count 1 and at that time he demanded $1,500.

A trial was held and a jury's verdict of guilty was rendered. The verdict was returned by the jury on April 29, 1958. On May 6, 1958, the defendant filed a motion for a new trial and on May 8, 1958, he filed a motion to set aside the judgment of conviction.

These motions came on for argument at the next regular argument list of this Court. At that time the Government took the position that these motions were filed after the expiration of 5 days from the findings of guilt and that, therefore, this Court was without jurisdiction to entertain a motion for a new trial or a motion in arrest of judgment.

Rule 33 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides: "A motion for a new trial * * * shall be made within 5 days after verdict or finding of guilty or within such further time as the court may fix during the 5-day period."

Rule 34 of the Federal Rules of Criminal Procedure similarly so provides in respect to a motion in arrest of judgment.

It is obvious that these motions were not filed within the period of time set by the Rules and that neither of these motions make any reference to any newly discovered evidence. The question then is clearly: does this Court have the jurisdiction to entertain the motions? The Government relies on the cases of United States v. Smith, 1947, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610; United States v. Simon, 3 Cir., 1955, 225 F.2d 260; Lujan v. United States, 10 Cir., 1953, 204 F.2d 171; and Marion v. United States, 9 Cir., 1948, 171 F.2d 185. A reading of these cases convinces this Court that it would not have the authority to consider the granting of a new trial where the motion is filed out of time. Counsel for the defendant frankly admits that his motions both for a new trial and arrest of judgment were filed out of time, but indicates that it was due to inaccurate information given him by a deputy in the office of the Clerk of this Court. Whether this be so or not, the result can be no different as the jurisdictional requirements of the

statute are mandatory and cannot be waived. However, this oversight really does not in practicality prejudice the defendant, for this Court has nevertheless considered the arguments and the reasons that the defendant has asserted for the granting of a new trial and for arrest of judgment, and finds them to be not substantial. Very simply, the defendant was indicted under a constitutional statute, the trial was fair, and he was convicted on the evidence presented.

■■ The defendant argues that the statute under which he was indicted is unconstitutional. However, this and his argument that the indictment does not constitute a crime were considered prior to trial by another judge of this Court, and his decision denying the motion to dismiss is a decision that the indictment does allege an offense and that the statute is constitutional. Therefore, only two questions remaining are whether there was any evidence that the defendant was guilty of an attempt within the meaning of this statute. The defendant argues that there was no attempt because any act that he may have committed was only in preparation of or solicitation to do a wrong and was not a wrong in itself.

He relies on two Pennsylvania cases to support this theory. The first is Commonwealth v. Willard, 179 Pa.Super. 368, 116 A.2d 751. The other is Smith v. Commonwealth, 1867, 54 Pa. 209. These cases do not necessarily support the argument the defendant advances, and are not in any way analogous to the instant case.

Apparently in Pennsylvania it is not a crime to suggest to a woman or solicit her to commit fornication or adultery. Here the defendant did more than suggest or solicit, he attempted to get money and when he did not get the money he bid in the sale. He did exactly what he promised he would do if he were not paid the money.

A much more analogous case on which the defendant could make his argument is a recent decision of the United States Court of Appeals for the Ninth Circuit in Ethridge v. United States, 258 F.2d 234. There the defendant was indicted and found guilty of violation of 18 U.S.C. § 1503 in that he corruptly endeavored to impede or influence the administration of justice. The court there reversed the conviction because it held that there was a total absence in the government's proof or in the averments in the indictment that appellant ever did, or ever intended to write to, personally contact, or try to contact any person who at any time had any connection whatever with the prosecution involved. The concurring opinion pointed out that there was a confidence game which literally and figuratively did not get near, or get started toward the courthouse. Weiss, on the other hand, was not carrying out any incipient and stupid confidence game. The jury found that he did contact a proposed buyer in a bankruptcy sale, that he did talk to and personally contact this buyer and did attempt to obtain money from him, and paraphrasing the words used by Judge Chambers in his concurring opinion in the Ethridge case Weiss literally came into this very courthouse and when he did not get the money he demanded, acted as he had intended.

■ The defendant also argues that the Assistant United States Attorney's remarks in referring to the activities of the defendant were prejudicial. It is true that he referred to the defendant's conduct as a "shakedown" in his opening remarks, however, the defendant took no specific objection to this comment when it was made, nor did he take any specific objection to it at the time when the Assistant United States Attorney in his closing argument referred to the actions of the defendant as a "sort of a shakedown."

The Court during the Assistant United States Attorney's opening remarks pointed out to him that the crux of the case was not whether it was a shakedown, but whether there was a violation

of the statute. The jurors were specifically instructed that the crux of the case is not the question of obtaining money from a person, that the case had nothing to do with a shakedown of Heyden as was mentioned in the closing argument. However, this Court would not go so far as to say that the remarks of the Assistant United States Attorney were in any way prejudicial. The Court merely felt that they were improper as not being relevant and directed the Assistant United States Attorney to desist from that argument. They were not prejudicial to the defendant. It may have been somewhat difficult for the Assistant United States Attorney to desist because besides the acts of the defendant for which the jury found him guilty, they might very easily be characterized as a shakedown. Most probably that was the defendant's main intention—to shake down the buyer. But by his very acts, he also violated the criminal laws of the United States.

"A vigorous prosecutor may at times use intemperate language but that is, of course, subject to the control of the trial judge, with or without objection, for it must be remembered that the district attorney is an advocate, as is counsel for defense." Horton v. United States, 6 Cir., 1958, 256 F.2d 138, 141.

In viewing this case in its entirety, the defendant had a fair trial, the jury was amply justified based on the evidence produced in the trial, and including the brash statements of the defendant himself during the cross-examination in finding that he was guilty of the crimes charged.

### Order

And now, to wit, this 20th day of November, 1958, for the reasons stated in the foregoing opinion, it is Ordered and Directed that defendant's motion for a new trial and for arrest of judgment should be and hereby are denied.

It is further Ordered that the defendant appear before this Court on December 2, 1958, at 10:00 A.M. for sentence.