**George Arlen MASSEY**

v.

**STATE of Tennessee.**

Court of Criminal Appeals of Tennessee, At Knoxville.

Sept. 28, 1979.

Permission to Appeal Denied by Supreme Court Nov. 13, 1979.

Aubrey C. Jenkins, James S. MacDonald, Charles C. Burks, Jr., Law Offices, Jenkins & Jenkins, Knoxville, for appellant.

William M. Leech, Jr., Atty. Gen., William P. Sizer, Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., Randall E. Nichols, Kim Tollison, Asst. Dist. Attys. Gen., Knoxville, for appellee.

## OPINION

SCOTT, Judge.

As the result of a three day trial the jury returned a verdict on October 4, 1978, finding the appellant guilty of murder in the second degree and fixing his punishment at forty years in the state penitentiary. Although the bill of exceptions is silent concerning any oral motion for a new trial, the minutes of the Court for October 4, 1978 recite, "Motion for a New Trial entered and 30 days allowed within which to file same, to be argued on November 17, 1978."

The appellant's written motion for a new trial was filed November 13, 1978, and on the following day the State filed a motion to strike that motion pursuant to Rule 33(b), Tenn.R.Crim.P. The motion for a new trial was subsequently heard and overruled. In its supplemental brief, the State of Tennessee persists in the position that the motion is late under this Rule.

In cases tried to a jury, . . . a motion for a new trial overruled by the trial judge is a prerequisite to appellate review . . . . *Whisnant v. State,* 532 S.W.2d 572, 574 (Tenn.Cr.App.1975), Rule 14(5) Tn. Sup.Ct. Rules, adopted as a rule of this Court July 6, 1967.

Rule 33(b), Tenn.R.Crim.P., provides that, "(a) motion for a new trial *shall* be made in writing, or if made orally in open court shall be reduced to writing, within thirty days *after verdict.*" (emphasis added) It is important to note that the motion must be filed within thirty days after verdict, without regard to when judgment is entered on the verdict. Committee Comments to Rule 33, Tenn.R.Crim.P. Vol. 5A, TCA, 1978 Cum.Supp., p. 118. These so-called new rules govern all criminal proceedings commenced ninety days subsequent to their approval by the General Assembly and the Governor, and as far as just and practicable, all proceedings then pending, Rule 59, Tenn.R.Crim.P. House Joint Resolution No. 135 approving the rules was adopted by both houses of the General Assembly on March 27, 1978, and approved by Honorable Ray Blanton, Governor, on April 14, 1978. *Public Acts of 1978,* Volume II, pgs. 1691–1692. They became effective on July 13, 1978.

Under prior law, a motion for a new trial could only be applied for within thirty days from the decree, verdict or judgment sought to be affected, TCA, § 40–2603. This section entered our code via Ch. 332, § 1, Public Acts 1973. However, the thirty days rule traces its roots to Code 1932, 1950 Supp., § 8980. Interpreting TCA, § 40–2603, this Court has held that the judgment of conviction becomes final thirty days after its entry, in the absence of a pending motion for a new trial or other appropriate motion. *State v. Bouchard,* 563 S.W.2d 561, 563 (Tenn.Cr.App.1977).

In *Gray, et al. v. State,* an unpublished opinion of this Court, filed at Jackson, June 14, 1979, interpreting TCA, § 40–2603, and Rule 37(d), Tenn.R.Crim.P., this Court held that the motion of the State to dismiss the appellant's appeal must be granted, because the motion for a new trial was not timely filed.

Earlier, it was held that, "(the Supreme) Court, as well as other courts of lower jurisdiction, lose (sic) control or jurisdiction over its final judgments . . . when there has been an expiration of thirty days." *Hethcoat v. State,* 213 Tenn. 563, 376 S.W.2d 478, 479 (1964).

It is readily apparent that the thirty days rule for new trial motions is firmly implanted in the criminal jurisprudence of our State. The only innovation of Rule 33(b) is the explicit statement as to when one begins the computation of time.

Rule 33, Tenn.R.Crim.P. is patterned after Rule 33 of the *Federal Rules of Criminal Procedure.* The time requirement for filing a motion for a new trial under the Federal Rule has been held to be mandatory and jurisdictional. Hence, the District Court in *U. S. v. Weiss,* 168 F.Supp. 728, 729–730 (W.D.Pa.1958) refused to hear a late-filed motion.

We hold that the thirty days time requirement of Rule 33(b), Tenn.R.Crim.P., is mandatory and jurisdictional. It is com-

mon knowledge that, under the Gregorian calendar, November 13, 1978 was more than thirty days after October 4, 1978. *The World Almanac and Book of Facts*, 1978, p. 786. The judgment was already final when the motion for a new trial was filed. The trial court had no jurisdiction to consider the motion and this Court has no jurisdiction to entertain the appeal.

The appeal is dismissed.

TATUM, J., concurs with opinion.

TATUM, Judge, concurring.

 I concur with Judge Scott in holding that the time requirement for filing a Motion for a New Trial is mandatory and jurisdictional. If the Motion for a New Trial is not filed within the time required, then the judgment of conviction becomes final.

 I also concur with Judge Cornelius in the portion of his Dissenting Opinion holding that the loss of jurisdiction in this case did not prejudice the appellant. I have reviewed the record and concur with Judge Cornelius in his finding that no reversible error was committed.

CORNELIUS, Judge, dissenting.

It is difficult not to sign Judge Scott's opinion which goes directly to an alleged breach of Rule 33(b) of Tennessee Rules of Criminal Procedure. This rule is as follows:

"A motion for a new trial shall be made in writing, or if made orally in open court shall be reduced to writing, within thirty days after verdict. The Court shall upon motion allow amendments liberally until the day of the hearing of the motion for a new trial."

Appellant's lawsuit began in the Criminal Court of Knox County February 10, 1976, with the return of an indictment by the Grand Jury charging the offense of murder (in the first degree). He was arraigned March 21, 1977. After pre-trial hearings, appellant had a jury trial and was found guilty on September 13, 1977. He was sentenced to life in prison. On September 20, 1977, a written motion for a new trial was filed and granted on November 18, 1977.

On October 2, 1978, appellant was again given a jury trial. On October 4, 1978, a jury again found the appellant guilty, that is, of second degree murder, and fixed his punishment at forty years in the Penitentiary.

The minutes of the court for October 4, 1978, in addition to recording the verdict of the jury, contain the following entry, "Motion for a New Trial entered and thirty days allowed within which to file same, to be argued on November 17, 1978." On November 13, 1978, a written motion for a new trial was filed with the Clerk. On November 14, 1978, the Assistant District Attorney, who had prosecuted this case, filed a "Motion to Strike" in accordance with Rule 33(b) Tenn.R. of Criminal Procedure.

It is at this stage that the legal snarl begins and the record fails to reveal a reason. I fully agree that intellectually this should have brought this proceeding to an end. In reality, the legal proceeding continued unabated.

On December 1, 1978, the trial judge entered an order that the motion for a new trial was heard, in the presence of the (District) Attorney General and appellant and his counsel. The order provided:

"Said Motion being argued by Counsel, considered and well understood by the Court, is, *in all things* overruled."

"Thereupon, defendant excepts to the judgment of the Court and prays an appeal to the next sitting of the Court of Criminal Appeals which appeal the Court grants. . . ."

". . . (defendant) he is permitted to remain in the Knox County Jail in order to give his attorneys time to file motions for setting of bond."

On December 6, 1978, another panel of this Court responding to a Petition for Certiorari and Supersedeas to set bond pending appeal, remanded the proceeding to the trial court to either set a reasonable bond pending appeal or set forth in an order the trial court's reasons to hold the defendant without bond pending appeal.

On December 8, 1978, the trial court reinstated the bond appellant had been on pending trial. The trial court noted an exception to its ruling by the State and granted the State an appeal, allowing thirty days within which to file its Bill of Exceptions. The order carried the following provision, "All matters necessary to perfect the State's appeal shall be made an exhibit to this cause". There is no evidence in the record that the appeal was pursued.

On January 2, 1979, the trial court entered an order finding appellant to be indigent for the purpose of appeal. The trial court ordered a complete transcript of the trial proceedings, costs to be paid by the State.

On March 23, 1979, the record in this case was received by the Clerk of the Court of Criminal Appeals at Knoxville. This record contains 411 pages of transcript relative to appellant's second trial. There is no Bill of Exceptions relative to the State's exceptions and prayer for an appeal in connection with the trial court's order of December 8, 1978.

On April 23, 1979, appellant's counsel filed his Assignments of Error and Brief with the Clerk. On May 23, 1979, the Attorney General filed his Reply Brief. On June 27, 1979, this case was heard by this court and carried over pending filing of our opinion upon the record before us.

On July 17, 1979, the State filed a Supplemental Brief requesting this court to consider the point in question which was not raised in the State's brief.

My fellow judge, Judge Scott, has accepted the State's contention, finding that Rule 33(b) Tenn.R.Crim.P. is patterned after Rule 33 of the Federal Rules of Criminal Procedure and is mandatory and jurisdictional. He finds with much weight that the trial court had no jurisdiction to consider the motion for a new trial and this court has no jurisdiction to entertain the appeal.

It is at this point that we have a difference of concepts. Necessarily, our Rule 33(b) is not the same as the Federal Rule. In our state, the verdict and sentence are determined by the trier of facts and the judgment of the court is rendered upon the verdict when approved by the trial judge. In the Federal proceeding, generally the jury determines the "guilt" and the court upon the finding of guilty, prescribes the sentencing and enters judgment. In trying to determine the meaning of our Rules of Criminal Procedure, I cannot remove my thoughts too far from Rule 2, which is as follows:

"Purpose and Construction.—These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjust expense and delay."

The committee comments show it was our commission's intention that this Rule 2 conform to Rule 2 of the Federal Rules of Criminal Procedure. In *United States v. Weiss*, 168 F.Supp. 728, a District Court for the Western District of Pennsylvania construed the Federal Rule 33 as denying it the right to grant a new trial where the motion is filed out of time. The District Court found that the jurisdictional requirements of the statute are mandatory and cannot be waived. However, the District Court goes on to say this does not in practicality prejudice the defendant, for this court (District) has nevertheless considered the arguments and the reasons that the defendant has asserted for the granting of a new trial and for arrest of judgment, and find them to be not substantial. The District Court held, "Very simply, the defendant was indicted under a constitutional statute, the trial was fair, and he was convicted on the evidence presented." This approach was taken by another panel of this court in *Donald Gene Gray, et al. v. State*, an unpublished opinion by Judge Dwyer, filed at Jackson, June 14, 1979, interpreting T.C.A. § 40–2603 (new trial statute in effect before adoption of our Rule 33) and Rule 37.

In *United States v. Weiss*, supra, the District Court relied upon the United States Supreme Court case of *United States v. Smith* (1947), 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610. *Smith* was a case in which the

government was seeking writs of mandamus and prohibition from the Court of Appeals to require vacation of an order granting a new trial to John Mencolo, who had been convicted of tax evasion. The Third Circuit Court denied the writs but the Supreme Court granted the relief. (See page 1332, 67 Sup.Ct. Reporter for Rule 33 as of 1946). I consider *United States v. Smith*, supra, interesting in relation to the development of the Rules, but not clearly the answer to our problem.

In *United States v. Simon*, 3 Cir., 225 F.2d 260, cited in *U. S. v. Weiss*, the Circuit Court considered and decided an evidentiary question in favor of the twice-tried appellant and then considered the suggestion of the appellee that appellant's motion for a new trial (on the second count) following his first conviction thereunder was made out of time and that, therefore, the trial court's order setting aside the jury verdict was without jurisdiction. The Circuit Court computed the motion to be within time by considering Rule 45(a) as to intermediate Sundays and holidays. In a footnote the court said:

> "Had the notice been actually out of time we doubt whether the Government could at this late date raise this question since it previously withdrew its motion to vacate the order granting a new trial, did not pursue its remedy of mandamus, see *United States v. Smith*, supra, and not only acquiesced in but prosecuted the second trial. See *United States v. Hoth*, 9 Cir., 207 F.2d 386. Furthermore, there is no appeal or cross assignment of error based upon the new trial order, see *United States v. Scrinopskie*, 5 Cir., 179 F.2d 959, etc."

In *Marion v. United States*, 171 F.2d 185, cited in *U. S. v. Weiss*, supra, the Ninth Circuit Court construed Rules 33, 34 and Rule 37(a)(2). The Ninth Circuit held that the failure to take an appeal within the time fixed by Rule 37(a)(2) is a jurisdictional defect, and having been taken too late it

was without authority to entertain the appeal. Yet the Ninth Circuit lead the way for the results in *Weiss* by saying the following:

> "We have taken occasion to examine the record with care notwithstanding the jurisdictional defect which appears. The evidence in this case is strong and convincing and the trial accorded appellant was fair and impartial. Judgment affirmed."

In *Lujan v. United States*, 204 F.2d 171 cited in *U. S. v. Weiss*, supra, the Tenth Circuit construed Rules 33 and 37.[1] The matter was before the court upon motion of the government to dismiss the appeal because the notice of appeal was filed out of time and, therefore, the court was without jurisdiction to entertain the appeal. The facts are that on January 16, 1952, the verdict was returned finding appellant guilty. On January 23rd (seven days rather than five as then set out in Federal Rule 33) sentence was imposed and formal judgment entered. On the same day, the court entered an order purporting to grant appellant leave to file within ten days thereafter a motion for judgment of acquittal notwithstanding the verdict and a motion for a new trial. On January 30th, both motions were filed. On February 10th, both motions were denied. On February 12th, a formal order was entered denying the motion for a new trial. On February 16th, the notice of appeal was filed. The Tenth Circuit acknowledged that the "filing of a notice of appeal" is jurisdictional. The court went on and considered what the District Court had done in connection with the motion for a new trial, which had not been filed within five days of finding of guilt, or based upon newly discovered evidence. The court held:

> "The motion was filed out of time within the purview of Rule 33. *Pugh v. United States*, 9 Cir., 197 F.2d 509. But this rule concerns itself solely and exclusively with the time within which a motion for new trial may be filed. It does not pretend to exert any impact upon the time for the filing of the notice of appeal."

1. Later cited by U. S. Supreme Court in *Lott v. U. S.*, 367 U.S. 421, 81 S.Ct. 1563, 1567[2, 3], 6 L.Ed.2d 940.

"Rule of Criminal Procedure 37—not 33— relates to the time and manner for taking an appeal."[2]

The Tenth Circuit denied the motion to dismiss the appeal.

Turning back to our present case and the Tennessee statutes, rules and authorities, I would discount, for the sake of condensing this opinion, Section 40–2603 T.C.A. as it was added to the Code in 1973 as well as the cases dealing with motions for a new trial which have been superseded by the adoption of the Rules. I would consider *State v. Bouchard*, Tenn.Cr.App., 563 S.W.2d 561, 563 as authority upon the question of when there became a valid and complete order of conviction for appeal purposes. *State v. McClain*, 186 Tenn. 401, 210 S.W.2d 680. The trial court entered judgment in our present case on December 1, 1978. On this date the trial judge noted that defendant (appellant) excepted and prayed an appeal which appeal the court granted.

■ I consider this court must give just as much consideration to Rule 2 and Rule 37 as to Rule 33. I believe the Federal courts and this court in *Gray*, supra, construed these Rules to eliminate unjustifiable expense and delay. I would do likewise. I would review the record, prepared at public expense, presently before this court rather than just dismiss the appeal. To dismiss the appeal will necessitate further proceedings under the Post-Conviction statute. There is a reasonable certainty the matter will be back in this court on appeal on the record now before us with the addition of the record of the Post-Conviction proceeding. I fortify my action by the following reasoning. First, I would apply our Rule 37 and the reasoning of the Tenth Circuit in *Lugan v. United States* and the majority opinion of *Lott v. U. S.*, 367 U.S. 421, 81 S.Ct. 1563, 1567 [2, 3], 6 L.Ed.2d 940.[3] *Additionally* there is no waiver of the right to appeal as required by our Rule 37. As a

matter of fact, Rule 37(d) was explicitly complied with as to appellant's praying for and being granted an appeal. The appeal was perfected as authorized by the trial judge. *Bell v. Smith*, 185 Tenn. 11, 202 S.W.2d 654, 655[1]. The second reason for my action is found in the footnotes of *United States v. Simon*, 3 Cir., 225 F.2d 260. It is true the cases cited are civil cases involving the action of the United States government, but the Third Circuit considered the cases noteworthy in a criminal case similar to ours. See our Chancery Court of Appeals reasoning in *McClung v. Embreeville Freehold, Land, Iron & Ry. Co.*, Tenn.Ch. App., 42 S.W. 53, 55. See *Cothron v. Scott*, 60 Tenn.App. 298, 446 S.W.2d 533, 535[5]. In *James v. Kennedy*, 174 Tenn. 591, 129 S.W.2d 215, 217, Chief Justice Green writing for the court, construed a statute then existing which provided that there be no appeal from certain judgments of the court of General Sessions for Davidson County ended his opinion with the following:

"The plaintiff presses upon our consideration *Campbell v. Railroad Co.*, 84 Tenn. 270, 16 Lea 270. In that case a justice of the peace granted an appeal from his judgment which did not show the term nor the court to which the appeal was taken. The papers were sent to the circuit court and the case there heard upon its merits. After judgment the unsuccessful parties made the point that the circuit court had not acquired jurisdiction by reason of this defective appeal. This court held that the objection came too late. We think this case is not controlling here. An appeal was permissible, not forbidden, in that case. There was nothing but a formal defect in the granting of the appeal. The court was not dealing with a case in which an appeal was prohibited."

In reviewing appellant's assignments of error, I find there is sufficient evidence to convince a trier of facts beyond a reasona-

---

**2.** Again *Lott v. U. S.*, supra, must be considered.

**3.** Federal Rule 37(a)(1) is now Federal Appellate Rule 3. Federal Rule 37(a)(2) is now Fed-

eral Appellate Rule 4(b). On June 27th, when hearing this case, our Appellate Rules had not become effective.

ble doubt of the existence of every element of the offense. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, Rule 13(e) Tenn. Rules of Appellate Procedure. *State v. Thompson,* Tenn., 549 S.W.2d 943.

The verdict being within limits provided by statute, it cannot be said that the jury verdict was motivated by passion, prejudice or caprice. *Buckingham v. State,* Tenn.Cr. App., 540 S.W.2d 660, cert. denied, 429 U.S. 1049, 97 S.Ct. 759, 50 L.Ed.2d 764.

Appellant has failed to cite any authority for his assignment of error relative to cross-examination of Michael Wayne Rush. This court is not obliged to consider this assignment of error. *Rockett v. State,* Tenn.Cr. App., 475 S.W.2d 561. Also see *State v. Fowler,* 213 Tenn. 239, 373 S.W.2d 460.

Appellant has failed to carry the burden in this court of showing a suppression of evidence on the part of the agents of the State, or, that if the evidence existed, it would have affected the result of the trial. It is possible that the shirt, if it existed, might have been useful to the defense, but its existence would not likely have changed the verdict. *Roach v. Moore,* Tenn.Cr.App., 550 S.W.2d 256, 257, 258. (See *United States v. Augenblick,* 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 dealing with lost tapes.)

Having reviewed each and every assignment of error and finding them without merit, I would affirm the judgment below.