IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
December 18, 2007 Session

## STATE OF TENNESSEE v. DEBRA ELAINE MOORE

**Direct Appeal from the Circuit Court for Cocke County**
**No. 9080     Ben W. Hooper, II, Judge**

_____

**No. E2007-00533-CCA-R3-CD Filed June 23, 2008**

_____

The defendant, Debra Elaine Moore, was convicted of criminally negligent homicide (Class E felony) and aggravated child abuse (Class A felony). She was sentenced to two years for the Class E felony and twenty-five years for the Class A felony, with the sentences to run concurrently for an effective sentence of twenty-five years. The defendant raises four issues on appeal including whether the evidence was sufficient to support the finding of guilt. Because the defendant did not file either a timely motion for new trial or notice of appeal, this court declines to review the subsequently waived issues. However, we do review her issue of sufficiency of the evidence and conclude that the evidence was sufficient to support the guilty verdicts. Therefore, the judgments from the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and J.C. MCLIN, JJ., joined.

Edward C. Miller, District Public Defender, and Keith E. Haas, Assistant Public Defender, for the appellant, Debra Elaine Moore.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; James B. (Jimmy) Dunn, District Attorney General; and Amanda H. Inman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

A motion for a new trial must be filed within thirty days from the date the order of sentence is entered. Tenn. R. Crim. P. 33(b). This provision is mandatory, and the time for the filing cannot be extended. Tenn. R. Crim. P. 45(b). A trial judge does not have jurisdiction to hear and determine the merits of a motion for a new trial that has not been timely filed. State v. Dodson, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989); State v. Givhan, 616 S.W.2d 612, 613 (Tenn. Crim. App. 1981); Massey v. State, 592 S.W.2d 333, 334-35 (Tenn. Crim. App. 1979). The trial judge's erroneous

consideration of ruling on a motion for new trial not timely filed, as in this case, does not validate the motion. Dodson, 780 S.W.2d at 780.

Here, the defendant was convicted and sentenced on September 25, 2006. She filed her motion for new trial on November 7, 2006, which was more than thirty days after the date the order of sentence was entered. The motion was denied, and she filed an untimely notice of appeal on December 6, 2006.

Failure to file a written motion for new trial within the required thirty days not only results in the appellant losing the right to have a hearing on the motion, but it also deprives the appellant of the opportunity to argue on appeal any issues that were or should have been presented in the motion for new trial. Dodson, 780 S.W.2d at 780; Givhan, 616 S.W.2d at 613; Massey, 592 S.W.2d at 333.

This court has the authority to review the record for apparent errors to prevent needless litigation, injury to the interest of the public, and prejudice to the judicial process under the provisions of Tennessee Rule of Appellate Procedure 13(b). Moreover, we may take notice at any time, within our discretion, of an error that affects a substantial right of an accused, even though not raised in a motion for new trial, where it may be necessary to do substantial justice. Tenn. R. Crim. P. 52. We decline to exercise our discretion in this case. Accordingly, the evidentiary issues raised by the defendant are deemed waived.

It is the obligation of the defendant to perfect her appeal properly and to demonstrate that the interests of justice merit waiver of a late-filed notice of appeal. Here, she has offered no explanation for her untimely notice of appeal or how the interest of justice would necessitate waiver of the timeliness requirement. However, in this case, we will waive the timely filing of the notice of appeal.

Failure to file a motion for new trial does not result in a waiver of issues concerning sufficiency of the evidence. State v. Patterson, 966 S.W.2d 435, 440 (Tenn. Crim. App. 1997). Here, the defendant challenges the sufficiency of the evidence, and this issue is not waived.

When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Brewer, 932 S.W.2d 1, 18 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the

State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Elkins, 102 S.W.3d 578, 581 (Tenn. 2003).

The trier of fact, not this court, resolves questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence. Id. In State v. Grace, the Tennessee Supreme Court stated that "[a] guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." 493 S.W.2d 474, 476 (Tenn. 1973).

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Grace, 493 S.W.2d at 476.

Aggravated child abuse is committed if a person commits the offense of child abuse or neglect and the act of abuse or neglect results in serious bodily injury to the child. Tenn. Code Ann. § 39-15-402(a)(1). The offense of aggravated child abuse is a Class A felony if the victim is six years of age or less. Tenn. Code Ann. § 39-15-402(b). The offense of child abuse or neglect is committed by any person who knowingly, other than by accidental means, treats a child under eighteen (18) years of age in such a manner as to inflict injury or neglects such a child so as to adversely affect the child's health and welfare. Tenn. Code Ann. § 39-15-401(a).

The evidence presented during trial reflects that the defendant purchased Oxycontin pills on July 22, 2002. The victim's father crushed the pills in their residence, and he and the defendant ingested the drug. Later that evening, the three-month-old victim awoke and would not go back to sleep. The defendant told police that she tried to get him to go back to sleep but was unsuccessful. Therefore, she rubbed the victim's wet pacifier in the crumbs of the crushed drugs and put the pacifier back in the child's mouth. The child then went back to sleep. The victim's father woke the defendant the next morning because he was screaming that the baby was not breathing. They called 9-1-1, and the victim was taken to the hospital after paramedics were unsuccessful in reviving the child. The victim died two days later. The medical examiner noted severe damage to the victim's kidneys and brain consistent with the ingestion of Oxycontin.

The defendant argues that the evidence and trial testimony are inconsistent. Specifically, she contends that the State's theory of cause of death is not supported by the evidence presented. However, after review of the record as a whole, we conclude that the evidence was sufficient to support the finding of guilt. Here, the defendant provided a statement to police about her actions regarding the child. She told the detective that the baby would not go back to sleep so she took his pacifier to where the Oxycontin had been crushed up. The pacifier was wet from the baby's mouth and she "stuck it in the dust and crumbs" before putting the pacifier back into the baby's mouth. The medical examiner testified that the autopsy of the child revealed severe changes in the victim's brain and kidneys, which appeared to be caused by a toxic substance. The medical examiner further testified that a test of the victim's blood detected the presence of oxycodone, the registered name for

Oxycontin, which is consistent with the defendant's statement. As a result of the blood testing, the medical examiner amended her autopsy report to reflect that the cause of the victim's death was oxycodone toxicity.

Because a guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State, we conclude that the evidence was sufficient to support the finding of guilt.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgments from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE