IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 30, 2010

## TOMMY RAY YOUNG v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Campbell County**
**No. 14200      E. Shayne Sexton, Judge**

---

**No. E2009-01971-CCA-R3-PC - Filed June 8, 2010**

---

The petitioner, Tommy Ray Young, appeals from the summary dismissal of his petition for post-conviction relief. In this appeal, both the petitioner and the State argue that the post-conviction court erred by dismissing the petition without a hearing. We agree. Accordingly the judgment of the post-conviction court is reversed, and the case is remanded for the appointment of counsel and an evidentiary hearing.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Reversed and Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Tommy Ray Young, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Lacy Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

On June 29, 2000, a Campbell County Criminal Court petit jury convicted the petitioner of aggravated robbery for the November 14, 1999 robbery of the Eagle Market in Jacksboro. Following the trial court's imposition of a Range III sentence of 30 years' incarceration on October 11, 2000, the petitioner filed a motion on February 20, 2001, asking the trial court's permission to late-file his motion for new trial. *See State v. Tommy Ray Young*, No. E2006-00570-CCA-R3-CD (Tenn. Crim. App., Knoxville, Sept. 11, 2007) (order). On March 12, 2001, the petitioner's trial counsel filed a motion styled "motion for new trial," but he failed to include within the motion any grounds for relief. *Id.* The petitioner's trial counsel filed a motion to withdraw on January 28, 2001, *see id.*, and on May

3, 2001, the petitioner filed a motion seeking trial counsel's removal. In his motion seeking removal of counsel, the petitioner again moved the trial court for permission to late-file his motion for new trial, and he alleged as grounds for relief that his trial counsel had performed deficiently by failing to timely seek a new trial, that "a certain juror" should have been excused, and that a sheriff's deputy tainted the jury's deliberations. He also noted that "many other instances" of his counsel's ineffective performance existed. In October 2003, the petitioner's newly-appointed counsel, Mr. Tom Barclay, filed an "Amended Motion for New Trial" alleging as grounds for relief various instances of trial counsel's ineffective representation. In October 2004, the trial court granted Mr. Barclay's motion to withdraw and appointed Mr. Michael Hatmaker to represent the petitioner. One month later, the trial court replaced Mr. Hatmaker with Mr. Robert Scott.

Finally, on February 15, 2006, the trial court held a hearing on the petitioner's pending motion for new trial, which it styled as a hearing on the "Petition for Post-Conviction Relief and Motion for New Trial." At the beginning of the hearing, the court asked whether the petitioner was "incorporating a motion for new trial with the post-conviction relief," and Mr. Scott answered that the petitioner had "not actually filed it as a post-conviction, but it's sort of morphed into that." The State filed a copy of the trial transcript, and both parties presented proof on the issues raised in the amended motion for new trial.

Following the trial court's denial of relief, the petitioner appealed to this court. On September 11, 2007, this court entered an order partially granting the State's motion to dismiss the appeal on the basis that the defendant's motion for new trial and his notice of appeal had not been timely filed. *See id.*; *State v. Tommy Ray Young*, No. E2006-00570-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Knoxville, Feb. 20, 2008). We ruled that because the petitioner's motion for new trial was untimely, our review was limited to evaluating the sufficiency of the convicting evidence. *See Tommy Ray Young*, slip op. at 1. We also concluded that the trial court's "effort to withdraw the original judgment after it had become final and substitute an amended judgment was ineffective." *See Tommy Ray Young*, order at 2. The petitioner then filed an unsuccessful application for permission to appeal to our supreme court. *See State v. Tommy Ray Young*, No. E2006-00570-SC-R11-CD (Tenn. Aug. 25, 2008).

On August 14, 2009, the petitioner filed a petition for post-conviction relief using a fill-in-the-blank form and alleging as grounds for relief the ineffective assistance of counsel and the State's use of "illegal" evidence. The post-conviction court summarily dismissed the petition, concluding that "a full and fair hearing" on the claims raised in the petition "was conducted February 15, 2006 and a ruling on the merits was rendered." The court held that the petition was subject to summary dismissal as a second petition for post-

conviction relief and that the claims in the petition had been both waived and previously determined. The petitioner filed a timely appeal in this court.

In this appeal, the petitioner contends that the post-conviction court erred by summarily dismissing his petition because it was not a second petition for relief and because he had not been given a full and fair hearing on the merits of his claim of ineffective assistance of counsel. The State agrees, noting that because the petitioner's motion for new trial was not timely, the trial court's hearing on the motion was a legal nullity. We agree.

A motion for new trial must be made in writing or reduced to writing within thirty days of the "date the order of sentence is entered." Tenn. R. Crim. P. 33(b). We stress that this provision is mandatory, and the time for the filing cannot be extended. Tenn. R. Crim. P. 45(b); *State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997). In consequence, a trial court has no jurisdiction to hear or determine the merits of an untimely motion for new trial. *Martin*, 940 S.W.2d at 569 (citing *State v. Dodson*, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989); *State v. Givhan*, 616 S.W.2d 612, 613 (Tenn. Crim. App. 1981); *Massey v. State*, 592 S.W.2d 333, 334-35 (Tenn. Crim. App. 1979)). A motion for new trial which is not timely filed is a nullity, *see State v. Blunkall*, 731 S.W.2d 72, 74 (Tenn. Crim. App. 1987) (citing *State v. Lane*, 689 S.W.2d 202 (Tenn. Crim. App. 1984); *State v. Williams*, 675 S.W.2d 499 (Tenn. Crim. App. 1984)), as is the erroneous consideration of a motion for new trial not timely filed, *Martin*, 940 S.W.2d at 569. Furthermore, the appellate court is precluded from considering any issue raised in an untimely motion for new trial for which the remedy is a new trial. Tenn. R. App. P. 3(e).

Here, the trial court was without jurisdiction to consider any claim raised in the petitioner's untimely motion for new trial the relief for which would be a new trial. This specifically includes a claim that the petitioner was denied the effective assistance of counsel. Because the trial court was without jurisdiction to hear the claims raised in the untimely motion for new trial, the February 15, 2006 hearing and subsequent order purporting to adjudicate those claims were a legal nullity.[1]

Furthermore, because the hearing was a nullity, the petitioner has not been afforded a full and fair hearing on his claims. Nor has his claim that he was denied the effective assistance of counsel been waived or previously determined. *See* T.C.A. § 40-30-106(g)-(h) (2006). In consequence, the post-conviction court erred by summarily dismissing

---

[1]We also note that the fact that the petitioner asserted ineffective assistance of counsel as a ground for relief in his motion for new trial would not transform the motion into a petition for post-conviction relief. Although alleging ineffective assistance of counsel in a motion for new trial and on direct appeal is risky, it is not prohibited. *See, e.g.*, *State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001).

his petition for post-conviction relief filed on August 14, 2009.

Accordingly, the judgment of the post-conviction court is reversed, and the case is remanded for the appointment of counsel and an evidentiary hearing.

_____
JAMES CURWOOD WITT, JR., JUDGE